UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS, IV,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD,<br><br>    Respondent. | No. 2:15-cv-0724 KJN P (TEMP)<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

////

1

1    Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of
2    Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these
3    rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil
4    Procedure, when considering whether a petition presents a claim upon which habeas relief can be
5    granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S.
6    89, 94 (2007), and construe the petition in the light most favorable to the petitioner.  See Scheuer
7    v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than
8    those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that
9    '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant
10   habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24
11   F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro
12   se habeas petitioners may not be held to the same technical standards as litigants represented by
13   counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled
14   to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual
15   inferences in the petitioner's favor.")

16   Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1)
17   specify all the grounds for relief available to the petitioner; (2) state the facts supporting each
18   ground; and (3) state the relief requested.  Although, as stated above, pro se petitions receive less
19   scrutiny for precision than those drafted by lawyers, "a [habeas] pleading must still give fair
20   notice by stating the factual and legal elements of each claim in a short, plain and succinct
21   manner."  Hunt v. Kernan, No. CV 98-5280 WDK (AN), 2006 WL 5819789 at *4 (C.D. Cal.
22   March 31, 2006) (citing Federal Rule of Civil Procedure 8(a)(2) and Rule 2(c) of the Rules
23   Governing Habeas Corpus Cases).  See also Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In
24   ordinary civil proceedings … Rule 8 of the Federal Rules of Civil Procedure requires only 'a
25   short and plain statement[.] … Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a
26   more detailed statement.")

27   Here, the petition is long and difficult to follow, but petitioner appears to allege that the
28   Board of Parole Hearings has not provided him with every accommodation required under the

1   Americans with Disabilities Act (ADA), 42 U.S.C. § § 12101, et seq.  Near the beginning of his
2   petition, petitioner states that he "seeks an order [for] a preliminary injunction and/or protective
3   order to have his [parole] hearing stopped until his [ADA] rights are enforced."  (Petition (Doc. 1)
4   at 17).  To the extent that is the relief which petitioner requests in this case, it is not cognizable in
5   a habeas action.  When a state prisoner challenges the conditions of his confinement, his claims
6   are cognizable in a civil rights action rather than a habeas corpus action.  See Badea v. Cox, 931
7   F.2d 573, 574 (9th Cir.1991).  When a state prisoner challenges the legality or duration of his
8   custody and the relief he seeks is an order for earlier or immediate release, the prisoner has stated
9   a claim for habeas relief under 28 U.S.C. § 2254, not a civil rights claim.  See Preiser v.
10  Rodriguez, 411 U.S. 475, 500 (1973).  This distinction means that "the writ of habeas corpus
11  extends only to claims that, if successful, will 'necessarily spell speedier release.'"  Nettles v.
12  Grounds, 788 F.3d 992, 1001 (9th Cir. 2015) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13
13  (2011)).  "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim
14  does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983[,]" Skinner,
15  562 U.S. at 535 n.13 – or in this case, the ADA.
16       Here, petitioner has not sufficiently alleged any claim that, if proved, would necessarily
17  spell speedier release. While California inmates are entitled to bring an action under the ADA for
18  damages related to a single incident, their claims for injunctive and declaratory relief under the
19  ADA are barred by two existing class action suits, Plata v. Schwarzenegger, No. 01-1351 (N.D.
20  Cal. filed April 5, 2001), and Armstrong v. Schwarzenegger, No. 04-2307 (N.D. Cal. filed June
21  29, 1994).  Plata and Armstrong are prisoner class actions for injunctive relief addressing the
22  adequacy of medical care provided by the CDCR under the Eighth Amendment and the ADA.
23  Individual suits for injunctive or equitable relief from allegedly unconstitutional conditions of
24  confinement or violations of the ADA cannot be brought where there is a pending class action
25  suit involving the same subject matter.  See Fleming v. Schwarzenegger, No. 08-05011 CW, 2010
26  WL 3069349 at *2 (N.D. Cal.).  A class action suit seeking only declaratory or injunctive relief
27  does not bar subsequent individual damage claims by class members. Id.  But here, petitioner's
28  claims for injunctive relief cannot proceed as a habeas action, and they are likely preempted as

3

individual civil rights claims by Armstrong and Plata.[1]

Nevertheless, because the prolixity and opacity of this petition may obscure petitioner's intention to allege a cognizable habeas claim, the court will allow petitioner another opportunity to seek habeas relief in an amended petition, if he so chooses. If petitioner chooses to amend his petition, the court will examine it according to the same screening standards described above. Petitioner is admonished, therefore, to adhere to the rules of pleading explained in this order, especially the imperatives (1) to use direct and succinct language in stating the relief that he requests and the legal and factual basis for that relief and (2) to allege only such claims for relief that, if granted by this court, would necessarily mean his speedier release from prison. If petitioner reviews these requirements and decides he has no existing claims that satisfy all of them, he should file a notice with this court stating his desire to voluntarily dismiss his case pursuant to Federal Rule of Civil Procedure 41(a)(1).

Plaintiff is further informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended petition be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended petition supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended petition, the previous one no longer serves any function in the case. Therefore, in an amended petition, each claim and the legal and factual grounds supporting it must be sufficiently alleged.

Finally, petitioner is apprised that failure to comply with or otherwise respond to this order within the time allowed will result in an order of dismissal for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

////

////

---

[1] That does not mean petitioner is wholly without recourse, however. If a prisoner is "a member of the class to which Armstrong applies and his pending request for injunctive relief under the [ADA] falls squarely under Armstrong, he must pursue his request via the consent decree [of Armstrong] or through [Armstrong] class counsel." Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590 at *4 (N.D. Cal. September 17, 2002).

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 7).

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: January 13, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/down0724.114

5