UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br><br>             Petitioner,<br><br>   v.<br><br>JEFFREY BEARD,<br><br>             Respondent. | No.  2:15-cv-00724 DB<br><br><br>ORDER |

       Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)

       On April 14, 2016, the court granted petitioner's motion for extension of time to file an amended petition.  (ECF No. 13.)  The court ordered petitioner to file his amended petition by May 14, 2016.  (Id.)  As of the date of this order, petitioner has not filed an amended petition.

       On May 20, 2016, petitioner filed a motion to appoint counsel.  (ECF No. 14.)  The magistrate judge on the case at that time, Magistrate Judge Kendall J. Newman, entered an order denying the motion to appoint counsel.  (ECF No. 15.)  Petitioner responded to Judge Newman's order with a filing labeled as "Objections to Magistrate Judge Findings," which also appears to include motions to stay and to issue an order of recusal.  (ECF No. 16.)

       Petitioner's "objections" shall be interpreted as a motion for reconsideration because Magistrate Judge Newman's ruling was an order, not findings and recommendations.

1

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D.Cal.2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(j) requires a party to show the "*new or different* facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]" (emphasis supplied).

Petitioner's motion does not meet the high burden necessary to succeed on a motion for reconsideration. Petitioner's motion for reconsideration retreads the arguments already made in the original motion -- and already rejected by the court. Thus, petitioner is merely showing "disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" Westlands Water Dist., 134 F. Supp. 2d at 1131.

Accordingly, petitioner's "objections"/ motion for reconsideration (ECF No. 16) should be denied.

////

In addition to objecting to Magistrate Judge Newman's order denying his motion to appoint counsel, petitioner also seemingly seeks a stay and recusal.  However, the substance of petitioner's motion is unclear and the court cannot determine what petitioner seeks to stay and who petitioner requests to recuse him or herself.  (See ECF No. 16 at 2-16.)  It appears that petitioner's motions to stay and recuse may actually be the content for an amended habeas petition.  However, this is uncertain.  Accordingly, the court will, for now, deny the motions to stay and recuse without prejudice.

Accordingly, IT IS HEREBY ORDERED that petitioner's "objections"/motion to reconsider and motions to stay and recuse (ECF No. 16) are DENIED.  Additionally, petitioner shall, within twenty-one (21) days of this order file his amended petition as previously-ordered by this court on May 14, 2016.  Petitioner is warned that failure to comply with this deadline may result in this court recommending that this action be dismissed for failure to prosecute.

Dated:  December 7, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / down1425.mtr