UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD,<br><br>    Respondent. | No. 2:15-cv-0724 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Recently, petitioner filed the following in this court: (1) a motion for relief from stipulation (ECF No. 25); (2) a motion for sanctions against respondent for failure to permit discovery (ECF No. 26 at 1, 11-12); (3) two requests that the court take judicial notice of "adjudicative facts" (ECF Nos. 27, 28), and (4) two extension of time requests to file his amended petition (ECF Nos. 29, 30). For the reasons below, the court denies petitioner's extension of time and judicial notice motions, and the court recommends that: (1) petitioner's motions for relief and sanctions be denied, and (2) the petition be dismissed for failure to prosecute.

The instant petition was first filed in this court by petitioner well over two and a half years ago on April 1, 2015. (See ECF No. 1). On January 13, 2016, the court determined in relevant

1

part: (1) that the petition, though convoluted, appeared to be challenging the parole hearing board's failure to provide him with the necessary accommodations required under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.[1] prior to his parole hearing, and (2) that to the extent petitioner was requesting injunctive relief and/or a protective order to stop his hearing until his rights under the ADA were enforced, such relief was not cognizable in habeas. (See ECF No. 11 at 2-4).

Nevertheless, given the confusing nature of the filing, the court granted petitioner thirty days to amend the petition and cautioned him to be more direct and succinct in it when stating his claims. (See id. at 4). At that time, the court also warned petitioner that his failure to respond to the order within the allotted time period would result in an order of dismissal for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110. (See id.).

To date, petitioner has yet to file an amended habeas petition. Instead, between January 2016 and today – a period of almost two years – petitioner has been granted six extensions of time (see ECF Nos. 11, 13, 18, 20, 22, 24), and currently, he has two additional extension of time requests pending (see ECF Nos. 29, 30). Moreover, to the extent petitioner has filed any substantive pleadings since he was directed to file an amended petition, they still do not sound in habeas. For example, petitioner's most recent pleadings filed between August 7, 2017 and August 10, 2017, consist of: a "Motion for Relief from Stipulation" (ECF No. 25),[2] a "Motion

---

[1] It appears that petitioner had asked the Board of Prison Terms' ("BPT") ADA Coordinator to send him ADA forms and related rules for his pending BPT hearing but was denied both. (See ECF No. 1 at 16-17). Petitioner also alleges that a local deputy district attorney and deputy attorney general "violated the Anti-Retaliation provision of the ADA/along with the California Board of Prison Terms by not providing constitutional mandate [sic] discovery," amongst other things. (See id.)

[2] Plaintiff's "Motion for Relief from Stipulation" appears to allege that the district attorney's office "entered into a stipulation to postpone" petitioner's parole hearing so that it could "turnover [sic] Brady material" to a different case. (See ECF No. 25 at 1-3, 5-7) (presumably referencing Brady v. Maryland, 373 U.S. 83 (1963)). Again, although the motion is incredibly unclear, it appears that the exculpatory material in question was relevant to petitioner's parole hearing.

2

for Sanctions," (ECF No. 26),[3] and two separate requests that the court take judicial notice of "adjudicative facts" (ECF Nos. 27, 28).[4] Extremely convoluted in content, they all appear to address actions of state prosecutors and law enforcement officials and their failure to turn over in a timely manner evidence that would have been helpful at petitioner's 2012 parole hearing[5] (see generally ECF Nos. 25, 26, 27, 28), a hearing that was governed by state law.

To the extent that petitioner is asserting that either the parole hearing itself or petitioner's receipt of exculpatory information to aid him at his parole hearing was improperly delayed or withheld by the prison hearing board due to a request by the district attorney's office (see generally ECF No. 1 at 24-61), on its face, this claim is not cognizable on federal habeas review. Parole hearing proceedings are governed by state law. See, e.g., Valdivia v. Schwarzenegger, 599 F.3d 984, 991 (9th Cir. 2010) (stating parole revocation proceedings are governed by state law). Therefore, a claim contesting the propriety of the application of state law is not reviewable by this court. See Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."); Rivera v. Pugh, 194 F.3d 1064, 1067 (9th Cir.1999) (" 'A state prisoner may not argue for habeas relief in a federal court based on a state court's erroneous interpretation of state law.' ") (citation omitted).

---

[3] In petitioner's "Motion for Sanctions" pleading, petitioner appears to allege that the attorney general's office failed to disclose Brady material. (See generally ECF No. 26 at 1-3). It is unclear, however, whether the failure to disclose exculpatory material occurred during petitioner's trial or during his parole hearing. Petitioner also asks the court to schedule a hearing. (Id. at 4, 10). However, he does not provide information as to why a hearing is necessary.

[4] Petitioner's August 2017 filings entitled "Judicial Notice of Adjudicative Facts," are duplicative and appear to request that charges be brought against various state attorney and law enforcement actors for failing to turn over presumably exculpatory "discovery." (See ECF No. 27 at 9-10; see also ECF No. 28 at 1-14). These are not "facts" of which the court may take judicial notice. See generally Fed. R. Civ. P. 201 (stating judicially noticeable facts must not be subject to reasonable dispute and must be accurately and readily determined from sources whose accuracy cannot be reasonably questioned). Therefore, petitioner's judicial notice "requests" are misplaced.

[5] Given the court's determination in this case that the petition does not sound in habeas, as well as its ultimate decision to dismiss it, the court does not address whether petitioner's 2015 filing regarding events that appear to have occurred prior to 2012 is timely either under 28 U.S.C. § 2254 or any other potentially actionable statute.

3

To the extent that petitioner is alleging that he was improperly denied the resources he needed in order to prepare for the hearing in violation of the ADA (see generally ECF No. 1 at 1, 16-23) (petitioner stating, "I am challenging my constitutionally [sic] right under the ADA at my BPT hearing on April 1, 2015."), this claim is not appropriate for habeas review, either.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Bogovich v. Sandoval, 189 F.3d 999, 1002 (9th Cir. 1999) (quoting Preiser). "When a prisoner challenges 'the fact or duration of his confinement[] based . . . upon the alleged unconstitutionality of state administrative action[,] [s]uch a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction.'" Bogovich, 189 F.3d at 1002 (quoting Preiser, 411 U.S. at 489). "Since Preiser, it has been firmly established that a prisoner must bring a habeas petition if the nature of the claim is such that it would necessarily imply the invalidity of the prisoner's conviction or continuing confinement." Bogovich, 189 F.3d at 1002.

It is true that Title II of the ADA prohibits discrimination by public entities against individuals with disabilities. See 42 U.S.C. § 12132. However, because petitioner's requests for injunctive relief against said actors, if successful, would not necessarily mean that his continuing confinement was invalid, the underlying claims do not challenge the fact or duration of his imprisonment. See, e.g., Bogovich, 189 F.3d at 1003 (holding successful ADA claims for injunctive relief do not necessarily imply invalidity of prisoners' confinement and thus need not be brought in habeas); see also Williams v. Clark, No. 2:09-cv-2968 JAM CKD P, 2015 WL 1046103, at *11 (E.D. Cal. March 10, 2015) (citing to Bogovich). As a result, they are not proper claims for habeas review. See 28 U.S.C. § 2254 (a) (stating court shall entertain habeas application on behalf of person in state custody only on ground he is in custody in violation of Constitution or laws or treaties of United States); see generally Heck v. Humphrey, 512 U.S. 477, 481 (1994) (stating habeas is exclusive remedy for state prisoner who challenges fact or duration of his confinement and who seeks immediate or speedier release).

Furthermore, at no point has petitioner asserted that either the purported denial of ADA-sanctioned resources to prepare for his parole hearing or the alleged delay in the deputy district

attorney's or prison's production of evidence he needed at the hearing affected the length, nature or tenor of his imprisonment. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 88-89 (2005) (noting range of claims cognizable on habeas review include challenges to duration of sentence, including on the basis of parole).

In sum, as stated by the court almost two years ago, the claims in the instant petition are not cognizable in habeas. (See ECF No. 11 at 2-4). The record indicates that petitioner has been given ample time and opportunity to amend the petition and attempt to submit viable habeas claims. (See ECF Nos. 11, 13, 18, 20, 22, 24) (extensions of time granted petitioner).

Throughout this period, petitioner has also been warned several times that failure to comply with the court's order to amend would result in an order of dismissal for failure to prosecute. (See ECF Nos. 11, 18, 20, 22, 24). Despite these facts, almost two years after being ordered to file an amended petition, petitioner has failed to do so. As a result, petitioner's motions for extensions of time to file an amended petition (ECF Nos. 29, 30) will be denied. Petitioner's requests that the court take judicial notice of "adjudicative facts" (see ECF Nos. 27, 28) will also be denied.

In addition, given that petitioner's outstanding motions for relief and sanctions (ECF Nos. 25, 26) are injunctive in nature and serve no useful purpose absent his filing of an amended petition, it will be recommended that they be denied as well. Finally, it will be recommended that the instant petition be dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's outstanding motions for extensions of time to file an amended petition (ECF Nos. 29, 30) are DENIED;

2. Petitioner's judicial notice requests (ECF Nos. 27, 28) are DENIED, and

3. The Clerk of Court is directed to randomly assign a district judge to this action.

In addition, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motions for relief and sanctions (ECF Nos. 25, 26) be DENIED, and

2. The instant petition (ECF No. 1) be DISMISSED for failure to prosecute.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/down.0724.111.den.f&r.dism.